IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT L. MITCHELL,

    Plaintiff,

vs.

MICHAEL J. HENSHAW, *Individually and in his capacity as Saline County State's Attorney*,

    Defendant.

Case No. 13-cv-405-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Michael J. Henshaw's motion to dismiss (Doc. 5) to which plaintiff Robert L. Mitchell has responded (Doc. 7).  For the following reasons the Court grants Henshaw's motion.

1. **Background**

Taking the allegations in Mitchell's complaint as true, the following are the relevant facts.  On May 10, 2005, Mitchell pleaded guilty to state drug charges in Saline County, Illinois.  After his sentencing, the Illinois Department of Corrections projected his release date to be October 20, 2012.  On November 29, 2009, Mitchell filed a post-conviction petition and claims he would have been released on April 20, 2011, if the Court had granted his petition before that date.  Henshaw, Saline County State's Attorney, did not timely respond to this post-conviction petition.  Finally, on April 30, 2012, Mitchell contacted the Saline County Circuit Court seeking immediate release because his post-conviction relief motion was uncontested.  Mitchell was ultimately released from prison on May 10, 2012.  Further, an assistant Saline County state's attorney had a conflict with Mitchell's prosecution and Henshaw belatedly requested a special prosecutor.

On April 26, 2013, Mitchell filed his complaint pursuant to 42 U.S.C. § 1983 against Henshaw asserting violations of his right to due process. Specifically, he premises his claim on Henshaw's failure to timely (1) respond to the post-conviction petition and (2) promptly appoint a special prosecutor upon the discovery of a conflict of an assistant state's attorney. He asserts that Henshaw's failure to respond to his post-conviction petition caused Mitchell to spend approximately one extra year in prison. Mitchell seeks $574,500 in damages.

Henshaw filed the instant motion arguing Mitchell's complaint must be dismissed because Henshaw is entitled to either absolute or qualified immunity. The Court will now consider whether this case must be dismissed based upon Henshaw's immunity.

2. Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

It is well-established that prosecutors enjoy immunity from civil suits arising from their "core prosecutorial actions." *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (citing *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006)). Whether a prosecutor is afforded absolute or qualified immunity depends on a prosecutor's "activity in a particular case." *Lewis*, 677 F.3d at 330 (quoting *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000)). The Supreme Court has explained "prosecutors are entitled to absolute immunity when they are performing functions . . . 'intimately associated with the judicial phase of the criminal process.'" *Lewis*, 677 F.3d at 339 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)). They are only entitled to qualified, not absolute, immunity for their "acts of investigation or administration." *Buckley*, 509 U.S. at 270, 273 (differentiating a prosecutor's role "in evaluating evidence and interviewing witnesses as he prepares for trial" and "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested").

*Buckley* referred to this as the "'functional approach" wherein the court must look to "the nature of the function performed, not the identity of the actor who performed it.'" *Id*. at 269. For instance, "appearing before a judge and presenting evidence in support of a motion for a search warrant involve[s] the prosecutor's 'role as an advocate for the State,'" and thus is "intimately associated with the judicial phase of the criminal process." *Id*. at 270-71 (quoting *Burns v. Reed*, 500 U.S. 478, 489-90 (1991)). Similarly, the decision to drop charges or pursue a prosecution is entitled to absolute immunity. *Lewis*, 677 F.3d at 330. However, giving legal advice to police is not entitled to absolute immunity because it is not "'closely associated with the judicial process,'" *Buckley*, 509 U.S. at 269 (quoting *Burns*, 500 U.S. at 496), and only entitles a prosecutor to qualified immunity. *Fields v. Wharrie*, 672 F.3d 505, 511 (7th Cir. 2012).

Here, it is clear that the actions of which Mitchell complains are "closely associated with the judicial process." Henshaw's untimely response and decision when to appoint a special prosecutor occurred after the investigatory phase of this case was over. Further, filing a response to a post-conviction petition in a proceeding before the judiciary involved Henshaw's role as an officer of the court and an advocate for the state. It is undoubtedly part of the judicial process. Similarly, the decision to appoint a special prosecutor was during the judicial phase of this case. Neither of these actions can be classified as administrative or investigatory. Accordingly, because Henshaw is clearly entitled to absolute immunity for the actions of which Mitchell complains, Mitchell's complaint fails to establish he has a plausible right to relief.

3. Conclusion

For the foregoing reasons, the Court **GRANTS** Henshaw's motion to dismiss (Doc. 5), **DISMISSES** this case, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 5, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**